## NOURRY v. LORD.

### September, 1866.

The fact that an architect sent for and took away plans he had sub-
mitted,—*Held*, not conclusive on the question whether his employment
was absolute or contingent.

An architect by profession is competent to testify in his own behalf to
the value of his labor in drawing plans.

Henry Nourry sued Samuel Lord and James S. Taylor, in
the New York common pleas, on an agreement to employ
plaintiff as an architect.

The general question litigated at the trial was, whether the
plaintiff was employed by the defendants to draw a plan of a
building for them. Upon the question the evidence was con-
flicting. The parties themselves were the principal witnesses.

The plaintiff testified distinctly that he was employed by the
defendant Lord, to draw the plan of a building that the de-
fendants contemplated erecting on Broadway, near to Grand-
street; and that accordingly he prepared and submitted such
plan to Lord. In this he was corroborated by another witness.
On the contrary, Lord testified that he never employed the
plaintiff to draw any plans for him. His version was this, in
substance: The plaintiff came to him in January, 1857, with
a letter of introduction from a gentleman residing in Boston;
he stated that he wished to be introduced as an architect; that
understanding the defendants were about to build in Broad-
way, he would like to show him what he could do, and would
draw some plans and submit them to him. He (Lord) in-
formed him that he could not use the ground for some time to
come, and that his plans as to building were entirely unsettled.
He did not tell him to draw any plans, or employ him in any
way; but informed him that Mr. Thomas was his architect.
Some time after this interview the plaintiff brought some
plans to his (Lord's) office, and showed them to him. He told
him he thought they were beautiful plans, but not adapted for
use, the first story and cellar could not be so constructed from
the nature of the ground; they were very elaborate, but he

could not get the part of the premises occupied by the Pacific Bank, and could not make use of them. Shortly after this conversation, the plaintiff sent some one and took the plans away.

Some particulars as to exceptions will be found in the opinion.

Plaintiff had judgment against Lord, and Taylor had judgment against plaintiff. Defendant Lord appealed to the court at general term, where the judgment was affirmed, whereupon he appealed to this court.

*William R. Stafford*, for defendant, appellant.

*Henry H. Morange*, for plaintiff, respondent.

By the Court.—Wright, J. [After stating the facts.]— The proof was therefore conflicting, upon the point whether the defendant Lord actually employed the plaintiff to draw plans, or whether they were drawn and submitted on the part of the plaintiff without any agreement or employment. There was sufficient evidence to go to the jury upon the question, whether there was a positive and distinct employment of the plaintiff by Lord to draw the plan; and it was not error to submit the question to them.

The judge charged, that the questions in the case were, whether the plaintiff was employed to draw a plan of a building for the defendants; and, if so, what was its value? If the jury found that there was an employment, they were then to determine the value of the service; there was no dispute that the plaintiff drew a plan, and it was for them to decide whether it was of any value; if they thought it was not, they would find for the defendants; if it was, then they were to determine the amount from the testimony of the witnesses. To this general presentation of the case there was no exception, save to the remark of the judge, that there was no dispute that the plaintiff drew a plan; which exception was without any significance. There was no dispute that the plaintiff drew a plan for the building; the only question being, whether such service was on the retainer or employment of the defendant.

But portions of the charge, or rather comments of the judge upon the testimony, were singled out for exception; and it is to be seen whether in these there was error for which the judgment should be reversed. The judge, after stating what questions were, remarked, " that the defendant Lord did not rest his defense on any conditional employment. It seemed to be conceded, that it was not a conditional employment." This cannot be regarded as an instruction to the jury upon any legal point in the case. As matter of fact, the remarks were entirely correct. Lord, neither in his answer nor in his testimony, rested his defense upon the grounds of a conditional employment. He denied any employment whatever of the plaintiff, and the defense was conducted throughout upon that theory.

Again : in commenting upon the testimony, the judge remarked, " that the taking away of his plans by the plaintiff, instead of leaving them with the defendant, was a circumstance entitled to consideration, but did not of itself amount to a recognition of the defendant's version of the matter—that the services were wholly voluntary, and without any idea of compensation." There was no error here. As has been said, the testimony conflicted upon the point as to any employment of the plaintiff. The proof on his part tended to establish a retainer or employment by Lord to draw plans for the building; which plans were to be prepared and submitted to Lord, whether he concluded to engage the plaintiff as architect or not; while the defendant's evidence tended to the conclusion that without any retainer he volunteered to prepare plans or sketches of a building for the purpose of showing his capacity as an architect, with no idea of compensation unless they were adopted. The plaintiff, after preparing plans, and submitting them to, and leaving them in Lord's possession, subsequently took them away. In speaking of the general question in conflict, as whether Lord employed the plaintiff to draw the plans, or whether his services on the premises were wholly voluntary and without expectation of payment therefor, the remark was made by the judge, that the fact that the plaintiff took away his plans, instead of leaving them with the defendant, was a circumstance to be taken into consideration by the jury, in de-

termining which version was the true one ; but that the fact did not of itself settle the question in favor of the defendant's version of the matter. This, if it is to be regarded as anything more than a running comment upon the testimony, detached from portions of the charge not given, was unexceptionable.

Again, the judge observed, in the course of the charge, that there seemed to be no doubt that Mr. Lord intended to cover the whole ground conveyed to him, at some future time, and it was this intention evidently which led him to speak of his difficulty with his lessees, the Pacific Bank; and that he (the judge), did not, therefore, understand that the difficulty with the bank has anything to do with the alleged employment of the plaintiff. This was simply the expression of an opinion upon a matter of fact, and no ground for exception. The judge, however, was quite right in his understanding of the subject. The difficulty with the bank had nothing to do with the alleged employment of the plaintiff. When Lord employed the plaintiff to draw plans for a building (as the jury by their verdict have found that he did), it was contemplated that it should cover the whole premises. It was afterwards that, failing to make terms with the bank to relinquish its lease of the corner part of the lot, the original intention was abandoned.

There is no substance in the objection to the question put to the plaintiff as to the value of the labor bestowed on the plans. He was an architect by profession. He had followed his profession in Paris, and for two years in this country, and was competent to speak as to the value of his labor. Nor was there any point in a similar question put to the witness Petersen. There was evidence tending to show that Petersen was an architect by profession. The plaintiff testified that he came from Boston to New York just before applying to Mr. Lord, and had since worked in the employ of Petersen. But it is a conclusive answer that the objection to the question was not placed on the ground that the witness was not an expert. Had it been, it might readily have been obviated.

Upon the whole, I can discover no error upon the trial prejudicing the appellant. The plaintiff drew plans for the

building. The jury have found, as I think upon sufficient evidence, that the service was performed upon the retainer of the appellant. The jury have also negatived the idea that it was a condition of the employment that nothing was to be paid for the labor of preparing the plans unless the appellant adopted them. The plaintiff was entitled to be compensated for his labor, and the jury have fixed the compensation at a sum less than the evidence, if credited, justified.

The judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs, and ten per cent. damages.